**Godfrey Mayombwe MUTEBI, Petitioner,**

v.

**John ASHCROFT, U.S. Attorney General, Respondent.**

No. 03–60583.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided July 1, 2004.

Gregory Joseph Lensing, Cowles & Thompson, Dallas, TX, for Petitioner.

Thomas Ward Hussey, Director, Jeffrica Jenkins Lee, Scott Ramsey McIntosh, U.S. Department of Justice, Washington, DC, Anne M Estrada, U.S. Immigration & Naturalization Service, Dallas, TX, Caryl G Thompson, U.S. Immigration & Naturalization Service, New Orleans, LA, for Respondent.

John Ashcroft, U.S. Department of Justice, Washington, DC, pro se.

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM: *

Godfrey Mayombwe Mutebi, a native and citizen of Uganda, petitions this court for review of the Board of Immigration Appeal's ("BIA") summary affirmance of the Immigration Judge's ("IJ") decision denying his application for asylum. Mutebi argues that the IJ's decision is not supported by substantial evidence because the record shows he is eligible for asylum due to his past persecution on the ground

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

of an imputed political opinion. The IJ found that Mutebi's testimony was credible but concluded that he nevertheless did not meet the statutory definition of a "refugee," consequently, there are no credibility determinations at issue in this matter. *See Mikhael v. INS,* 115 F.3d 299, 303 (5th Cir.1997).

This court must uphold the IJ's decision that Mutebi is not eligible for asylum unless the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The IJ determined that Mutebi was tortured because of his involvement in the controversial sale of a jet owned by the Ugandan government. After examining the evidence in this case it is clear that the IJ incorrectly determined that Mutebi was tortured in part to obtain information regarding the jet sale because this sale took place after Mutebi was tortured. This finding is not supported by substantial evidence. The BIA must determine whether Mutebi has established that the persecution he suffered was motivated in part by Mutebi's imputed political opinions, taking into consideration that Mutebi could not have been tortured to obtain information about the jet sale.

The petition for review is GRANTED, the BIA's summary affirmance of the IJ's ruling is REVERSED and the case is REMANDED to the BIA.